THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF CASES | ) | **MEMORANDUM** |
| PENDING SENTENCING BEFORE | ) | **AND ORDER** |
| JUDGE RICHARD G. KOPF | ) | |

Judge Bataillon is a dear friend and wonderful colleague. He is also smart, and thoughtful. He has published an opinion that holds:

> Under the circumstances, the court finds that it should err on the side of caution in protecting a criminal defendant's constitutional rights. The principal of constitutional avoidance mandates that the federal sentencing statutes should be construed to avoid the difficult constitutional question of whether the imposition of a harsher sentence—whether characterized as a Guidelines sentence, a departure, or a deviance—violates due process when the greater punishment is based on facts found under a standard lower than proof beyond a reasonable doubt.

<u>United States v. Kwame Okai</u>, 2005 WL 2042301, at *10 (D. Neb. Aug. 22, 2005).

Because I disagree with that opinion, because that opinion strikes at the heart of the sentencing process in the District of Nebraska, and because the lawyers and probation officers in the District of Nebraska need to know whether other Nebraska judges will follow Judge Bataillon's views, I offer my own.

In the non-death-penalty context, I respectfully disagree with his assertion that the Fifth Amendment requires a judge to find facts beyond a reasonable doubt when sentencing a defendant who has been previously found guilty after a trial or a plea

that complies with Constitutional requirements. Nothing in Booker,[1] Blakely,[2] or Apprendi[3] compels or justifies such an assertion.  Indeed, one need only read the cases Judge Bataillon cites to recognize the legal weakness of his views.  Once the ordinary criminal has been found guilty by plea or trial that complies with the Constitution, there is no applicable precedent for cloaking an undisputably guilty person with the Constitutional protections intended for the innocent.

If the Fifth Amendment is to be expanded beyond any currently recognized legal boundaries, that decision should be left to the Court of Appeals or the Supreme Court, bodies far better suited than individual district judges to "discovering" new Constitutional rights.  Booker and its (tangled) predecessors do not provide a legitimate invitation for district judges to implement their personal policy views about proof standards.  See, e.g., United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc) ("Nothing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime.").

In the end, and while what Judge Bataillon proposes may be good policy (although I doubt it), his newly discovered *Constitutional* right to "proof beyond a reasonable doubt" at sentencing is like the mythological chimera (a fire-breathing she-monster with a lion's head, a goat's body, and a serpent's tail).  It is the product of an agile mind, but it has no claim to the here and now.

---

[1] United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005).

[2] Blakely v. Washington, 542 U.S. 296 (2004).

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

IT IS ORDERED:

1. Judge Kopf will not follow Judge Bataillon's "reasonable doubt" standard at sentencing; and

2. The Clerk of the United States District Court for the District of Nebraska shall file this Memorandum and Order in all pending criminal cases assigned to Judge Kopf.

August 31, 2005.

BY THE COURT:  
s/ *Richard G. Kopf*  
United States District Judge